WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Clayton Daniel Willis,<br><br>        Petitioner,<br><br>vs.<br><br>Charles L Ryan, et al.,<br><br>        Respondents. | No. CV 12-00397-TUC-BPV<br><br>**ORDER** |

On May 23, 2012, Petitioner, Clayton Daniel Willis, an inmate confined in the Arizona State Prison in Buckeye, Arizona, filed a *pro se* Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to Title 28, U.S.C. § 2254, with several exhibits attached. (Doc. 1)[1] Respondents have filed an answer to the petition ("Answer") with exhibits A through K attached. (Doc. 9). Petitioner did not file a reply.

In accordance with the provisions of Title 28, U.S.C. § 636(c)(1), all parties consented to proceed before a United States Magistrate Judge to conduct any and all further proceedings in this case, including trial and entry of a final judgment, with direct review by the Ninth Circuit Court of Appeals if an appeal is filed. (Doc. 10.)

---

[1] "Doc." refers to the documents in this Court's file.

For the reasons discussed below, the Magistrate Judge denies relief on Grounds One and Two of the Petition, and dismisses this action in its entirety.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

A.     **Plea agreement and sentencing**

On May 15, 2009, a Pima County grand jury charged Petitioner with one count of kidnapping, and two counts of aggravated assault. Ex. A.[2] The State filed allegations of three prior convictions. *Id*. At the time set for a settlement conference, Petitioner's counsel advised the court that Petitioner wished to enter a plea to the Indictment. Ex. B. At the time set for the change of plea, Petitioner entered a plea to all three counts, an allegation of dangerous nature, and admitted to a prior conviction. Ex. C, (Reporter's Transcript ("R.T."), 10/06/09) at 9-13.

On November 6, 2009, Petitioner was sentenced to presumptive, concurrent prison sentences, the longest being a term of fifteen years.  Ex. D.

B.     **Petition for post-conviction relief**

On November 13, 2009, Petitioner initiated a state post-conviction relief ("PCR") proceeding by filing a notice of post-conviction relief. Ex. E. Petitioner's PCR petition alleged three grounds for relief: (1) Petitioner was not aware of several constitutional rights he was waiving when he pled guilty; (2) Petitioner was not competent to plead guilty; and (3) the trial court erroneously informed Petitioner that he waived his right to direct appeal. Ex. F. The trial court summarily dismissed the Rule 32 proceedings stating

---

[2] The exhibits in this order refer to the exhibits attached to Respondent's Answer (Doc. 9) unless otherwise indicated.

that, having reviewed the file for error the court "cannot find any material issue of fact or law that would entitle the Defendant to relief under Rule 32 and finds that no purpose would be served by further proceedings." Ex. G.

Petitioner filed a petition for review with the Arizona Court of Appeals, raising the same issues he raised in his PCR. Petition (Attachments (Doc. 1-2)) at 47.[3] The appellate court granted review but denied relief in a memorandum decision on March 8, 2011. Ex. H. The appellate court ruled that although the trial court did not address every possible right he was waiving, that the record of the change of plea hearing supports the trial court's finding that his guilty plea was "knowingly, intelligently and voluntarily made" and that "taken as a whole, it is clear Willis understood the consequences of pleading guilty." *Id*. at ¶¶ 7-8. The appellate court further rejected Petitioner's claim that he was not competent to enter a guilty plea, finding the record supported the trial court's finding that nothing at the hearing suggested Petitioner was confused or did not understand the rights he was waiving. *Id*. at ¶ 10. Finally, the appellate court rejected Petitioner's argument that he was entitled to file a delayed appeal, finding, under Arizona law, that a pleading defendant can waive the right to appeal, as long as that waiver is knowing and intelligent. *Id*. at ¶¶14-15.

The Arizona Supreme Court denied a petition for review on September 6, 2011. Ex. I.

. . .

---

[3] Because the exhibits attached to the Petition are not sequentially numbered, the page numbers provided in this Order in reference to the Petition are the page numbers assigned to the document by the Court's electronic filing system (CM/ECF).

- 3 -

### C. Second petition for post-conviction relief

On December 1, 2011, Petitioner filed a second PCR, arguing that the state's failure to allege aggravating factors precluded the trial court from imposing an aggravated sentence, and that both trial counsel's and PCR counsel's failure to raise this issue amounted to ineffective assistance of counsel ("IAC"). Petition, Attachments (Doc. 1-1) at 75. The trial court summarily dismissed the second PCR on February 1, 2012. Ex. J at 3. No petition for review of the trial court's denial was filed. *See* Petition, at 5.

### D. Federal Habeas

Petitioner delivered his federal habeas petition to prison authorities on May 10, 2012. (Doc. 1.) Petitioner presents two grounds in the Petition in support of his request for habeas relief:

> (1) "[Petitioner] was mentally incompetent to plead guilty. Therefore, the convictions and sentences violate the U.S. Constitution's 5th and 14th Amendments' due process clauses."
>
> (2) "The record does not show that petitioner was aware that he was waiving his federal (and state) constitutional rights to (1) testify in his own behalf; (2) present evidence in his own defense; (3) compel the attendance of witnesses, and (4) to be presumed innocent until proven guilty beyond a reasonable doubt. Thus the convictions violated petitioner's federal constitutional due process rights under the U.S. Constitution's 5th and 14th Amendments' due process clauses."

(Doc. 1, at 8-9.)

## II. DISCUSSION

### A. The petition is timely.

A one year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. 28 U.S.C. §

2244(d)(1).

Under the AEDPA, a state prisoner must generally file a petition for writ of habeas corpus within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). "The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation[.]" 28 U.S.C. § 2244(d)(2).

Petitioner had until one year after his conviction and sentence became final to file his federal petition. Respondents do not contest the timeliness of the Petition. Upon review of the state-court record, the Court finds that, pursuant to the AEDPA, the Petition is timely.

### B. The claims are exhausted.

A writ of habeas corpus may not be granted unless it appears that a petitioner has exhausted all available state court remedies. 28 U.S.C. § 2254(b)(1); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991). To exhaust state remedies, a petitioner must "fairly present" the operative facts and the federal legal theory of his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 277–78 (1971). If a habeas claim includes new factual allegations not presented to the state court, it may be considered unexhausted if the new facts "fundamentally alter" the legal claim presented and considered in state court. *Vasquez v. Hillery*, 474 U.S. 254, 260

(1986).

Here, Willis presented to the Arizona trial and appellate courts the two claims he now asserts in his federal habeas petition. *See* Ex. F; Petition, (Attachments (Doc. 1-2)) at 47. Thus, the Court can review the merits of his claims.

### C. The claims are meritless.

#### 1. Standard of review

Because Willis filed his petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d) ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997) (holding that AEDPA governs federal habeas petitions filed after the date of its enactment, April 24, 1996).

The AEDPA established a "substantially higher threshold" for habeas relief with the "acknowledged purpose of 'reduc[ing] delays in the execution of state and federal criminal sentences.'" *Schriro v. Landrigan*, 550 U.S. 465, 473, 475 (2007) (citations omitted). The AEDPA's "'highly deferential standard for evaluating state-court rulings' ... demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*) (quoting *Lindh*, 521 U.S. at 333 n. 7).

Under the AEDPA, a petitioner is not entitled to habeas relief on any claim "adjudicated on the merits" by the state court unless that adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The relevant state court decision is the last reasoned state decision regarding a claim. *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803–04 (1991)); *Insyxiengmay v. Morgan*, 403 F.3d 657, 664 (9th Cir. 2005). The court of appeals rejected Petitioner's claims raised in his first PCR on the merits in a reasoned opinion, and the state supreme court denied them without comment. Exs. H, I. Under the "look through" doctrine, Petitioner's claims are deemed to have been rejected for the same reasons given in the last reasoned decision on the merits. In this case the Court looks to the court of appeal's memorandum decision granting review of the trial court's order denying his PCR and denying relief. *See Ylst*, 501 U.S. at 802-06.

"The threshold question under AEDPA is whether [the petitioner] seeks to apply a rule of law that was clearly established at the time his state-court conviction became final." *Williams v. Taylor*, 529 U.S. 362, 390 (2000). Therefore, to assess a claim under subsection (d)(1), the Court must first identify the "clearly established Federal law," if any, that governs the sufficiency of the claims on habeas review. "Clearly established" federal law consists of the holdings of the Supreme Court at the time the petitioner's state-court conviction became final. *Williams*, 529 U.S. at 365; *see Carey v. Musladin*, 549 U.S. 70, 74 (2006); *Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003), *overruled on other grounds Lockyer v. Andrade*, 538 U.S. 63 (2003). Habeas relief cannot be granted if the Supreme Court has not "broken sufficient legal ground" on a constitutional principle advanced by a petitioner, even if lower federal courts have decided the issue. *Williams*, 529 U.S. at 381; *see Musladin*, 549 U.S. at 76-77; *Casey v. Moore*, 386 F.3d

896, 907 (9th Cir. 2004). Nevertheless, while only Supreme Court authority is binding, circuit court precedent may be "persuasive" in determining what law is clearly established and whether a state court applied that law unreasonably. *Clark*, 331 F.3d at 1069.

The Supreme Court has provided guidance in applying each prong of § 2254(d)(1). The Court has explained that a state-court decision is "contrary to" the Supreme Court's clearly established precedents if the decision applies a rule that contradicts the governing law set forth in those precedents, thereby reaching a conclusion opposite to that reached by the Supreme Court on a matter of law, or if it confronts a set of facts that is materially indistinguishable from a decision of the Supreme Court but reaches a different result. *Williams,* 529 U.S. at 405–06; *see Early v. Packer,* 537 U.S. 3, 8 (2002) (*per curiam*). In characterizing the claims subject to analysis under the "contrary to" prong, the Court has observed that "a run-of-the-mill state-court decision applying the correct legal rule to the facts of a prisoner's case would not fit comfortably within § 2254(d)(1)'s 'contrary to' clause." *Williams,* 529 U.S. at 406; *see Lambert v. Blodgett,* 393 F.3d 943, 974 (9th Cir. 2004).

Under the "unreasonable application" prong of § 2254(d)(1), a federal habeas court may grant relief where a state court "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular ... case" or "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams,* 529 U.S. at 407. For a federal court to

find a state court's application of Supreme Court precedent "unreasonable," the petitioner must show that the state-court decision was not merely incorrect or erroneous, but "objectively unreasonable." *Id.* at 409; *Landrigan,* 550 U.S. at 473; *Visciotti,* 537 U.S. at 25.

Under the standard set forth in § 2254(d)(2), habeas relief is available only if the state-court decision was based upon an unreasonable determination of the facts. *Miller–El v. Dretke,* 545 U.S. 231, 240 (2005) (*Miller–El II* ). A state-court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller–El,* 537 U.S. 322, 340 (2003) ( *Miller–El I* ); *see Taylor*, 366 F.3d at 999. In considering a challenge under § 2254(d)(2), state-court factual determinations are presumed to be correct, and a petitioner bears the "burden of rebutting this presumption by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Landrigan,* 550 U.S. at 473–74; *Miller–El II,* 545 U.S. at 240.

### 2. Ground One of the Petition is meritless.

Petitioner alleges in Ground One of his Petition that he was mentally incompetent to plead guilty. Petition, at 6. Respondents assert that the state courts correctly determined that Petitioner was not entitled to relief on this claim.

A defendant has a due process right not to be tried while incompetent. *See Drope v. Missouri*, 420 U.S. 162, 172 (1975); *Pate v. Robinson*, 383 U.S. 375, 378 (1966). Competence to stand trial requires that a defendant have (1) "a rational as well as factual understanding of the proceedings against him," and (2) "sufficient present ability to

consult with his lawyer with a reasonable degree of rational understanding." *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam).

A petitioner in a habeas proceeding who claims that he was incompetent at the time of trial must first come forward with "meaningful evidence" of mental incompetency. *See Demosthenes v. Baal*, 495 U.S. 731, 735-36 (1990). "[E]vidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence" are relevant considerations. *Drope*, 420 U.S. at 180. A conclusory allegation of mental illness without more is not substantial evidence sufficient to raise a reasonable doubt concerning competency to stand trial. *Cacoperdo v. Demosthenes*, 37 F.3d 504, 510 (9th Cir. 1994).

In support of Ground One, Petitioner cites to an evaluation performed by a psychiatrist and prepared 8 months after his conviction and sentence, and concluding:

> As a result of his limited education; guilt and depression and probably limited intelligence, Mr. Willis probably did not fully understand his legal options at the time he entered into the plea agreement and was not competent to enter into the plea. … Thus, there is a substantial indication that Mr. Willis was not competent to make informed legal choices at his change of plea hearing and at the time he was sentenced.

Petition, at 9 (citing Psychiatric Evaluation Report, June 3, 2010), found at Ex. K.

The trial court rejected Petitioner's argument, concluding that "[n]othing at the hearing, as supported by the record, suggests that the Defendant was confused or did not understand the rights he was waiving. Although competency was never raised by defense counsel, the Court was aware of the Defendant's mental health issues and ensured that the plea hearing was not rushed and that the Defendant had the time he needed to make

such an important decision." Ex. G, at 2. The trial court properly relied on its own observations and the fact that defense counsel, despite questioning Petitioner's decision, did not raise the issue of competency, in determining that Petitioner was competent to enter his guilty plea. *See Miles v. Stainer*, 108 F.3d 1109, 1112 (9th Cir. 1997)(holding that in determining whether a defendant is capable of understanding the proceedings and assisting counsel, the trial court may rely upon the defendant's demeanor in court and any irrational behavior or lack thereof); *Hernandez v. Ylst,* 930 F.2d 714, 718 (9th Cir. 1991)(deeming significant fact that the trial judge, government counsel, and defendant's attorney did not perceive a reasonable cause to believe defendant was incompetent).

In a detailed and accurate summary of the record, the court of appeals also rejected Petitioner's arguments, finding that:

> …the record shows that Willis told the trial court why he wanted to plead guilty, demonstrated that he was well-informed about his medications, and stated he had been advised by counsel and understood the ramifications of pleading guilty. Although the court did not refer to Morenz's report in its ruling denying post-conviction relief, we infer the court considered that report along with its own recollection of Willis's behavior at the change-of-plea hearing, as well as considering the presentence report, which also addressed Willis's mental health issues.
>
> Additionally, as the court noted in its ruling denying post-conviction relief, [Willis's counsel] did not question Willis's competency, despite her apparent disagreement with his decision to plead guilty. In fact, at the sentencing hearing, [counsel] stated that Willis had injured his wife when he was not taking his medication, but "[h]e is back on his medication here at the jail"; the presentence report also confirmed this statement.
>
> Furthermore, at sentencing the court told Willis it had considered "all the factors that your lawyer has again argued to me, the mental health issues, your remorse for what you did, your acceptance of responsibility, pleading to the indictment." Therefore, viewed in the light most favorable to the court's ruling, the court did not abuse its discretion by denying Willis's claim that he had not been competent to plead guilty.

- 11 -

(Ex. H at 7–8.)

The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). This includes a state court's determinations that a defendant is competent to stand trial. *See Baal*, 495 U.S. at 735 (stating that a state court finding that a defendant is competent to stand trial is a finding of fact entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1)); *Torres v. Prunty*, 223 F.3d 1103, 1110 n.6 (9th Cir. 2000)(in finding state court's determination that mental competency hearing was unnecessary was unreasonable within the meaning of § 2254(d)(2), court necessarily finds clear and convincing evidence was presented to rebut the presumption of correctness of state court's findings). Petitioner bears the burden of rebutting this presumption by clear and convincing evidence. 28 U.S .C. § 2254(e)(1). Petitioner has not demonstrated by clear and convincing evidence that he was incompetent at the time he entered his guilty plea. Although Petitioner's decision to plead to the indictment is arguably "evidence of a defendant's irrational behavior", *see Drope*, 420 U.S. at 180, Petitioner clearly and rationally explained the reason for this decision to the trial court:

> There's a few reasons, Your Honor. I don't want my wife and daughter to go through any of that any more than what they already have. And, two, I'm ready to go. And, three, there's no plea in the case. But the main reason is my wife and daughter. I have just don't want them to do that.

Ex. C (R.T. October 6, 2009), at 4-5.

Further, Petitioner explained to the court that while he had not been taking his medications at the time of the offense, he was taking his medications at the time he entered the change of plea, was "clear headed," and had discussed the plea fully with his

attorney. *Id*. at 5. The mere fact that a defendant takes medications prescribed for mental health purposes does not mandate an additional evaluation. *Amaya-Ruiz v. Stewart*, 121 F.3d 486, 493 (9th Cir. 1997); *see also Sturgis v. Goldsmith*, 796 F.2d 1103, 1109-10 (9th Cir. 1986) (stating that failure to present evidence of medication petitioner was taking or "how [the medication] might have affected his competence at trial" failed to raise a bona fide doubt as to petitioner's competency to stand trial). There is no evidence that the medication Petitioner was taking rendered him unable to understand the proceedings or assist counsel. Petitioner has not offered any additional evidence, aside from the non-contemporaneous psychiatric report, which was before both the trial and appellate court, to overcome the presumption of correctness.

Upon review of the record, the state court's rejection of Petitioner's competency claim is neither contrary to, nor an unreasonable application of clearly established Federal law. 28 U.S.C. § 2254(d). Accordingly, the Magistrate Judge denies the Petition with respect to Ground One.

### 3.     Ground Two of the Petition is meritless

Petitioner alleges in Ground Two of the Petition that the record does not demonstrate that he was aware that by entering his guilty plea he was waiving his right to testify, to present evidence and witnesses in his defense, and to his presumption of innocence. Petition, at 7. Respondents assert this claim was properly rejected on the merits by the state courts. Answer, at 3.

In order to be valid, a guilty plea must be "voluntary and intelligent." *See Brady v. United States*, 397 U.S. 742, 748 (1970); *McMann v. Richardson*, 397 U.S. 759, 766

(1970); *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). A habeas petitioner bears the burden of establishing that his guilty plea was not voluntary and knowing. *See Parke v. Raley*, 506 U.S. 20, 31-34 (1992). Petitioner has failed to meet that burden.

In *Boykin v. Alabama*, the Supreme Court held that a knowing and voluntary guilty plea must include an explicit waiver by the criminal defendant of his constitutional rights against self-incrimination, right to trial by jury, and right of confrontation. 395 U.S. 238, 242-43 (1969). The *Boykin* Court went on to say that "[w]e cannot presume a waiver of these three important federal rights from a silent record." *Id*. 395 U.S. at 243. The *Brady* Court clarified *Boykin* by stating, 'the new element added in *Boykin* was the requirement that the record must affirmatively disclose that a defendant who pleaded guilty entered his plea understandingly and voluntarily.' 397 U.S. at 747-748 fn. 4. In *North Carolina v. Alford*, 400 U.S. 25, 31 (1970), the Court explained that in determining the validity of guilty pleas the 'standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.' Thus, specific articulation of the *Boykin* rights waived by a defendant is not required if the waiver can otherwise be gleaned from the record. *Wilkins v. Erickson*, 505 F.2d 761, 763 (9th Cir. 1974).

As a threshold matter, Petitioner has not identified the clearly established federal law that was allegedly misapplied by the state courts. *See* 28 U.S.C. § 2254(d); *Williams v. Taylor*, 120 S.Ct. 1495 (2000). Accordingly, this Court cannot find that the state court's treatment of this claim was contrary to, or an unreasonable application of clearly

established Supreme Court law. To the extent Petitioner is arguing, as he did in the state courts below, that his plea was in violation of *Boykin*, the record shows that Petitioner was advised of the specific rights at issue in *Boykin*, but more importantly, the record demonstrates he entered his plea knowingly, intelligently and voluntarily. *See* Ex. C (R.T. October 6, 2009), at 7-8.

To the extent Petitioner's guilty plea waived other specific rights not discussed in *Boykin*, the state court correctly determined that the plea was entered "knowingly, intelligently and voluntarily" considering the record before the state court. To determine whether a defendant was properly advised, the court must consider the totality of the circumstances. *See Brady v. United States*, 397 U.S. 742, 749 (1970). The Ninth Circuit has held that specific articulation of the defendant's rights, even those at issue in *Boykin*, is not required as long as the record affirmatively shows that the defendant entered its guilty plea voluntarily and intelligently. *See Wilkins v. Erickson*, 505 F.2d 761, 763 (9th Cir. 1974) ("*Boykin* does not require specific articulation of the above mentioned three rights in a state proceeding."). Indeed, the Ninth Circuit has explained that "*Boykin* does not require the state court to enumerate all of the rights a defendant waives as long as the record indicates that the plea was entered voluntarily and understandingly." *Rodriguez v. Ricketts*, 798 F.2d 1250, 1254 (9th Cir. 1986).

The appellate court acknowledged that the trial court did not specifically inform Willis of certain rights at the change-of-plea hearing. Nonetheless, the record in this case demonstrates that Petitioner was aware of his rights, and aware of the consequences of waiving them, and that his waiver was knowing and voluntary. As the trial court noted:

> On October 6, 2009 the Defendant plead guilty to the indictment and admitted one historical prior felony conviction. He was first advised of the charges, the sentencing range for each count and the constitutional rights he would waive by pleading guilty. In a colloquy between the Court and the Defendant, he stated that he understood what he was giving up by pleading guilty. The Court then questioned the Defendant regarding the voluntariness of his decision. The Defendant stated that after discussing it at length with his attorney, he still wished to plead to the indictment and to one prior felony conviction. The Defendant was then asked about his decision to admit his prior conviction. He was reminded that he had a right to a court trial and by admitting the prior he was giving up additional rights, including the right to make the State prove the prior with actual documents, evidence and witnesses. The Defendant stated that he understood he was giving up those rights as well. The Court then accepted his pleas of guilty, allowed him to make the factual basis, and questioned him about his prior conviction. At the conclusion, the Court found that his pleas and admission were knowingly, intelligently and voluntarily made.

Ex. F, at 1-2.

Judging by the totality of the circumstances, the record supports the state court's finding that the plea was voluntary. Petitioner was advised by the trial court of the consequences of a request to enter a plea to the Indictment at an earlier settlement conference (Ex. B). At the change of plea hearing he was represented by counsel who had spoken with him "extensively" about going to trial and advised him he "had nothing to lose" doing so (R.T. October 6, 2009, at 4); he was advised of the right to a jury trial, to representation by counsel, to have a jury decide aggravating factors, to question and cross-examine all the State's witness, and to remain silent (*Id*. at 7-8); he was advised of the sentencing range he was exposed to by taking the plea (*Id*. at 9); he was advised of his right to a trial to prove the prior conviction used to aggravate his sentence (*Id*. at 12). Additionally, he was represented by counsel and was experienced with court proceedings and the criminal justice system. The state court's decision was not contrary to or an

unreasonable application of Supreme Court precedent. Accordingly, the Magistrate Judge denies the Petition with respect to Ground Two.

### III.  CERTIFICATE OF APPEALABILITY

In the event Petitioner appeals from this Court's judgment, and in the interests of conserving scarce resources that otherwise might be consumed drafting an application for a certificate of appealability to this Court, the Court on its own initiative has evaluated the claims within the Petition for suitability for the issuance of a certificate of appealability. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

Rule 22(b) of the Federal Rules of Appellate Procedure provides that when an appeal is taken by a petitioner, the district judge who rendered the judgment "shall" either issue a certificate of appealability ("COA") or state the reasons why such a certificate should not issue. Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n. 4, (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id.*

Upon review of the record in light of the standards for granting a certificate of appealability, the Court concludes that a certificate shall not issue as the resolution of the

petition is not debatable among reasonable jurists and does not deserve further proceedings.

Accordingly,

IT IS ORDERED as follows:

(1)    Petitioner's § 2254 habeas petition (Doc. 1) is DENIED and this case is dismissed with prejudice.

(2)    A Certificate of Appealability is DENIED and shall not issue

(3)    The Clerk of the Court shall enter judgment accordingly and close the file in this matter.

Dated this 12th day of May, 2014.

_____
Bernardo P. Velasco
United States Magistrate Judge